Agatha Ustasiewski
vs.     No. 65538
Charles Carlin

December 8, 1927.

CAPOTOSTO, J. The plaintiff brought suit to recover damages for personal injuries sustained in an automobile accident. The jury having returned a verdict for the defendant, the plaintiff moves for a new trial on the ground that the verdict is against the evidence.

The accident happened shortly after midnight on September 19, 1925, on Cross Street in the City of Central Falls. The plaintiff, who was operating a left. drive Buick coupe, claims that when she was about opposite her house she made a left turn to enter her private driveway after she had observed another automobile some 50 or 60 feet in the rear; that before she actually turned, she put out her hand and slackened her speed; and that the front wheels of her automobile were on the sidewalk when the other automobile struck the rear of her car. The defendant claims that he had followed the plaintiff's automobile for some distance; that when he approached the scene of the accident, he gave a signal to pass, that the plaintiff slackened her speed and pulled to her right to within a foot or so of that curb; that he construed this as an invitation to pass and in fact started to pass the plaintiff's car without increasing his speed; and that the plaintiff then without warning made a sharp turn to her left, whereupon he, the defendant, turned with her in the hope of averting a collision, but was unsuccessful.

The plaintiff, although testifying that she was struck from the rear, admitted that the front left fender of her car was damaged. The defendant stated that his right front fender was bent down to the tire. As to the hand signal said to have been given by the plaintiff, the defendant testified not only that he saw none, but also claimed that on account of the position of the street light such a signal, if given at all, was difficult if not impossible to observe as the left side of the plaintiff's car was in the shadow.

The determination of these conflicting claims depended upon whom and what the jury would believe. By its verdict it saw fit to believe the defendant's account of the accident. The physical damage to the two cars lends color to that claim. Other than that the parties are reversed, this case is similar to the case of McWright v. Providence Telephone Co., 47 R. I. 196. Even though the jury might have been justified in reaching a contrary decision, this Court has no power to dis-

turb its verdict if reasonably supported by the evidence. The verdict is supported by the testimony and circumstances which the jury believed.

Motion for new trial denied.

For plaintiff: Samson Nathanson.

For defendant: William A. Gunning.

